UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Julie A. Su[1], *Acting Secretary of Labor, United States Department of Labor*,<br><br>Plaintiff,<br><br>v.<br><br>US Care PCA Agency, Inc., Muna Osman, and Shombe Hassam,<br><br>Defendants. | Case No. 22-cv-616 (KMM/DJF)<br><br>REPORT AND RECOMMENDATION |

On January 31, 2023, the Court scheduled this matter for a settlement conference to take place April 11, 2023 and ordered each party to submit a Confidential Letter to the Court by April 4, 2023 ("January Order") (ECF No. 29). Defendants did not submit a Confidential Letter, failed to communicate with their attorney, and did not participate in the settlement conference. (*See* ECF Nos. 31, 33, 34, 44). On April 10, 2023, the Court ordered Defendants to show cause why sanctions should not be imposed against them for their failure to comply with its January Order ("April Order to Show Cause") (ECF No. 34). The Court directed Defendants to respond to the April Order to Show Cause by April 17, 2023 and advised that failure to respond could result in the imposition of sanctions. (*Id.*) Defendants did not timely comply with the April Order to Show Cause. They eventually filed a letter explaining their absence at the settlement conference, but failed to clarify their failures to submit a Confidential Letter, seek a continuance for the settlement conference, or communicate with the court or their attorney in any way regarding their lack of attendance at the settlement conference—causing the Court and Plaintiff to expend time and

---

[1] Julie A. Su, Acting Secretary of Labor, is automatically substituted for former Secretary of Labor, Martin Walsh. Fed. R. Civ. P. 25(d).

energy preparing for a settlement conference that did not occur.  (ECF No. 41.)  The Court ultimately sanctioned Defendants in the amount of $1,500 to Plaintiff for Plaintiff's reasonable attorney's fees in connection with the canceled settlement conference.  (ECF No. 44.)

On April 10, 2023, Defendants' counsel moved to withdraw as counsel because Defendants' failure to communicate with him made it unreasonably difficult to continue to represent them (ECF No. 33).  On April 27, 2023, the Court found good cause to grant the motion, citing Defendants' failure to communicate with their counsel regarding matters necessary for him to comply with the Court's orders and cooperate as litigation counsel in this case.  (ECF Nos. 46, 49.)

On June 1, 2023, the Court scheduled this matter for a pretrial scheduling conference to take place on June 27, 2023 and ordered the parties to meet and confer, file a joint Rule 26(f) report, and individually submit confidential letters one week before the conference.  (ECF No. 50.)  Defendants did not participate in the preparation of the Rule 26(f) report, did not submit a confidential letter, and failed to appear at the pretrial scheduling conference.  (ECF Nos. 51-53.)

On June 27, 2023, the Court advised Defendants Muna Osman and Shombe Hassam that they must "participate in conferences with Plaintiff's counsel as required by the Court's orders, comply with all reasonable discovery requests, and participate in all hearings and conferences with the Court as ordered."[2]  (ECF No. 53.)  The Court further advised that failure to comply with its Order could result in additional sanctions, including a recommendation for default judgment against them under Fed. R. Civ. P. 55.  (*Id.*)

---

[2]  The Court noted Defendant US Care PCA was unable to participate in any proceeding because it remained an unrepresented corporate entity.  (ECF No. 53.)

2

On June 27, 2023, the Court also issued a Pretrial Scheduling Order and directed Plaintiff's counsel to meet and confer with Defendants regarding potential dates for a rescheduled settlement conference and to contact Chambers regarding the same on or before July 5, 2023. (ECF No. 54.) On July 5, 2023, Plaintiff's counsel notified the Court that Defendants did not respond to her attempts to meet and confer regarding potential dates for the settlement conference. (ECF No. 55.) In response, the Court ordered Defendants Osman and Hassam to show cause for their failure to comply with the Court's Orders by filing a response to its Order on or before July 19, 2023, failing which the Court may impose additional sanctions. (*Id.*)

On July 13, 2023, Defendant Osman emailed the Court that Defendants were attempting to retain substitute counsel and would inform Plaintiff and the Court of their availably for a settlement conference by the end of July. (ECF No. 56.) The Court then ordered Defendants to contact Plaintiff's counsel and the Court on or before August 1, 2023 regarding their availability for a settlement conference, whether or not they had retained counsel by that time. (*Id.*) Defendants did not comply with the Court's Order.

Consequently, on August 2, 2023, the Court ordered Defendants to show cause why default judgment should not be entered against them for their repeated failure to comply with its Orders, failing which the Court would recommend that default judgment be entered against them under Rule 55 ("August Order to Show Cause") (ECF No. 57). Defendants' response to the August Order to Show Cause was due August 8, 2023. (*Id.*) Defendants did not respond to the August Order to Show Cause. On August 9, 2023, the Court emailed Defendants to inquire whether they intended to respond to the August Order to Show Cause. Defendants did not respond to the Court's email. It is by now plainly evident that Defendants do not intend to participate in this litigation or

comply with the Court's orders. The Court therefore recommends that default judgment be entered against Defendants under Rule 55.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** default judgment be entered against Defendants under Rule Fed. R. Civ. P. 55.

.

Dated: August 17, 2023

*s/ Dulce J. Foster*
DULCE J. FOSTER
U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).